1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  CALYSTA SHARP,                        No. 2:17-cv-0256 TLN CKD PS
12           Plaintiff,
13       v.                               <u>ORDER</u>
14  ERIC HORNADAY,
15           Defendant.
16
17       The federal venue statute provides that a civil action may be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

   In this action, plaintiffs allege that defendant, who resides in Boise, Idaho, has triggered memories of sexual abuse plaintiff allegedly suffered as a young child.  Although it is not clear from plaintiff's pleadings the basis of subject matter jurisdiction, it is apparent that venue is not proper in the Eastern District of California.   To the extent plaintiff's claims can be discerned, it appears that the instant action should have been filed in the United States District Court, District

1    of Idaho.  In the interest of justice, a federal court may transfer a complaint filed in the wrong
2    district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932
3    (D.C. Cir. 1974).
4      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
5    States District Court, District of Idaho, Boise Division.
6    Dated:  February 10, 2017

7              CAROLYN K. DELANEY
8              UNITED STATES MAGISTRATE JUDGE

10   4 sharp0256 .tra