# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| CALYSTA SHARP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ERIC HORNADAY,<br><br>　　　　Defendant. | Case No.: 1:17-cv-00072-REB<br><br>**ORDER AND RECOMMENDATION** |

Now pending before this Court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and Plaintiff's Complaint (Dkt. 1). This case was transferred to the District of Idaho from the Eastern District of California pursuant to 28 U.S.C. § 1406(a) (transfer of venue) (*See* Dkt. 3). Because not all parties have consented to the jurisdiction of a United States Magistrate Judge, this case will be reassigned to a District Judge. The Court enters the following Order and Recommendation for the District Judge's consideration.

**I.**　*In Forma Pauperis* **Request**

　　**A.**　**Standard**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for

**ORDER AND RECOMMENDATION- 1**

*in forma pauperis* ("IFP") status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required.

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty."

### B. Discussion

Plaintiff's *in forma pauperis* application (Dkt. 2) is incomplete. Other than listing two employers and two assets, Plaintiff does not state what her income has been or will be, whether she has any money in bank accounts, nor does she state any of her monthly expenses. The Court will deny Plaintiff's *in forma pauperis* request because it is not complete.

## II. Review of Complaint

### A. Standard

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a), § 1915(d)). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is (I) is frivolous or malicious; (ii) fails to state a claim

upon which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. " 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed. R. Civ. P. 12(b)(6), and this Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*.  At a minimum, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a claim.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Discussion**

In her complaint,[1] Plaintiff alleges that interaction with Defendant, who resides in Boise, Idaho, has triggered memories of sexual abuse Plaintiff suffered as a young child.  Plaintiff fears for the well-being of Defendant's young children.  *See* Complaint (Dkt. 1).

---

[1] The bulk of Plaintiff's allegations are on a Ada County Sheriff's Department/Boise Police Department "Standard Statement Form."  (*See* Dkt. 1 at p. 6).

**ORDER AND RECOMMENDATION- 3**

The threshold question at this stage is whether the Court has subject matter jurisdiction over Plaintiff's case. If the Court lacks jurisdiction, Plaintiff cannot maintain her action. Federal courts have jurisdiction over (1) claims arising under federal law, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); and (2) other claims if the parties do not reside in the same state and the Plaintiff seeks more than $75,000, 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

It does not appear that this Court has subject matter jurisdiction over Plaintiff's claims. On Plaintiff's form complaint, she checked the box for federal jurisdiction but she does not list any federal statutes or provisions of the United States Constitution that are at issue in this case. The Court cannot discern any basis for federal question jurisdiction.

Plaintiff states that she is a citizen of Idaho[2] and it appears the Defendant resides in Idaho as well. Even if Plaintiff were alleging diversity of citizenship, there is no amount of controversy alleged in the complaint.

Plaintiff has not established that the Court has subject matter jurisdiction over her claims. Nor does it appear that Plaintiff's complaint could be saved by amendment. A pro se pleading may be dismissed without notice of the deficiencies or an opportunity to amend if a complaint "cannot be saved" by amendment. *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000). The

---

[2] Plaintiff's complaint indicates that she has P.O. Box addresses in Idaho and California.

**ORDER AND RECOMMENDATION- 4**

Court finds that Plaintiff's subject matter jurisdiction deficiencies could not be saved by amendment and recommends that Plaintiff's complaint be dismissed, without prejudice.

### ORDER AND RECOMMENDATION

The Court **HEREBY ORDERS**:

1) Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) is **DENIED** because Plaintiff's application is incomplete; and

2) Because not all parties have not consented to a U.S. Magistrate Judge, this case is **REASSIGNED** to a U.S. District Judge.

The Court **HEREBY RECOMMENDS**:

1) Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

DATED:  **April 17, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**ORDER AND RECOMMENDATION- 5**